IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy Lee Duncan, Jr., | ) |
| Plaintiff, | ) Civil Action No. 2:15-cv-00860-JFA-MGB |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Lisa Boltin, Donna Farris, and Capt. Jody Taylor, | ) |
| Defendants. | ) |

The Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon a Motion to Dismiss filed by Defendant Lisa Boltin (Dkt. No. 17), Motion for Judgment on the Pleadings filed by Plaintiff (Dkt. No. 23), and Motion for Summary Judgment filed by Defendant Jody Taylor (Dkt. No. 34.) For the reasons set forth herein, the undersigned recommends the instant action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought the instant action against Defendants Lisa Boltin ("Boltin"), Donna Farris, and Capt. Jody Taylor on or about February 23, 2015, while he was incarcerated at the Colleton County Detention Center. (*See generally* Dkt. No. 1.) On May 4, 2015, Defendant Boltin filed an Answer and a Motion to Dismiss. (*See* Dkt. No. 16; Dkt. No. 17.) By order filed May 4, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) On or about May 12, 2015, Plaintiff filed a Response in Opposition to Boltin's

1

Motion to Dismiss as well as a Motion for Judgment on the Pleadings. (Dkt. No. 23.) On November 10, 2015, Defendant Taylor filed a Motion for Summary Judgment. (Dkt. No. 34.) By order filed November 10, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 35.) Plaintiff filed a Response in Opposition to Defendant Taylor's motion on or about December 2, 2015. (*See* Dkt. No. 37; *see also* Dkt. No. 38.)[1]

## ALLEGED FACTS

The instant action appears based on Plaintiff's status in the community supervision program of the South Carolina Department of Probation, Parole and Pardon Services. (*See* Dkt. No. 1 at 3-4 of 5.) Plaintiff states that he seeks an injunction asking Defendants "to obey the revocation order signatured [sic] by the Honorable Perry M. Buckner on May 19th 2014." (*Id*. at 3 of 5.) According to Plaintiff, on May 19, 2014, Judge Buckner sentenced Plaintiff to one year in prison and "indicat[ed] by circling #4 th[at Plaintiff] should not be continued in the community supervision program under its current terms or under other terms and conditions." (*Id*.) Plaintiff questions why he is "being h[e]ld in . . . county jail when the Judge's order say[s] [he is] to be free." (*Id*.) Plaintiff further states (verbatim),

> Mrs. Donna Farris & Lisa Boltin had placed a hold on me. SCDC prison had let me go home 30 days early for good behavior before max out date January 31, 2015. On December 31, 2014 Pardon, Probation, Parole Agency had picked me up from prison trying to convince me in to signing some paper work agreeing to community supervision program. I had refused signaturing the paper work and showed them the revocation order, and they asked me for an address of residence here South Carolina. I had told them that I have no family down here and that I live in North Carolina, so they said they'll have to lock me up until I decide to sign the paper work and provide a place of residence.

(*Id*.) Plaintiff contends that Defendants have violated his constitutional rights in "refusing to obey the revocation order." (*Id*. at 4 of 5.) In the "Relief" section of his Complaint, Plaintiff states that he

---

[1]Defendant Donna Farris has not filed an Answer.

2

seeks a "declaratory judgment" requiring all Defendants "to obey [Judge Buckner's] revocation order, releasing [Plaintiff] from everything so [he] can go to [his] family in . . . North Carolina." (*Id.* at 5 of 5.) He also seeks "some kind of decree or order that will ensure the rights and safety of others, so that this kind of situation will be prevented from happening any more." (*Id.*)

## **DISCUSSION**

As noted above, Defendant Boltin filed a Motion to Dismiss, Plaintiff filed a Motion for Judgment on the Pleadings, and Defendant Taylor filed a Motion for Summary Judgment. (*See* Dkt. No. 17; Dkt. No. 23; Dkt. No. 34.) Although the Defendants argue several reasons why dismissal or summary judgment is appropriate, having carefully reviewed the record, the undersigned recommends the instant action be dismissed for failure to state a claim and the pending motions be dismissed as moot.[2]

As noted above, Plaintiff states that he seeks the following relief in the case *sub judice*: a "declaratory judgment" requiring all Defendants "to obey [Judge Buckner's] revocation order, releasing [Plaintiff] from everything so [he] can go to [his] family in . . . North Carolina." (Dkt. No.

---

[2]The undersigned has some familiarity with Plaintiff, having recently examined another one of Plaintiff's cases, *Duncan v. South Carolina*, Civ. A. No. 2:14-cv-04048-RMG (D.S.C.). The May 19, 2014 order to which Plaintiff refers in the instant action is a Revocation Order signed by Judge Perry M. Buckner. (*See* Dkt. No. 16-1.) That Order of Judge Buckner provides as follows:
> This matter was brought before me on the 19th day of May, 2014, pursuant to a [warrant or citation] charging the Defendant ([Jimmy Duncan]) with violating the Defendant's Community Supervision Program and asking for the Court to revoke the Defendant's community supervision. I find:
>> 1. The terms of the Community Supervision Program are fair and reasonable;
>> 2. The Defendant has not complied with all terms of the Community Supervision Program;
>> 3. The Defendant has willfully violated the terms of the Community Supervision Program;
>> 4. The Defendant should not be continued in the Community Supervision Program under its current terms or under other terms and conditions;
>
> IT IS ORDERED that the Defendant be in the custody of the South Carolina Department of Corrections for a term of 1 year (total may not exceed one (1) year).

(Dkt. No. 16-1.) As stated in the undersigned's Report and Recommendation dated January 13, 2016, in *Duncan v. South Carolina*, Civ. A. No. 2:14-cv-04048-RMG (D.S.C.), on June 8, 2015, Judge Mullen found Plaintiff to be in violation of the terms of his community supervision program (00-GS-15-0726); she continued him on community supervision and imposed additional conditions of that supervision. *(See* Dkt. No. 60 at 6 in Civ. A. No. 2:14-cv-04048-RMG.)

3

1 at 5 of 5.) While Plaintiff states that he seeks declaratory relief, in actuality, he seeks release from the community supervision program. The United States Supreme Court held, in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court reiterated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck*, 512 U.S. at 481. Even though Plaintiff is no longer incarcerated in a detention center or other institution, given that Plaintiff is still in the community supervision program, it appears that he is still "in custody" sufficient to invoke the use of the writ of habeas corpus. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Simply put, "[i]nsofar as Plaintiff seeks his unconditional release from . . . [South Carolina Department of Probation, Parole and Pardon Services's] custody and/or supervision, such relief cannot be granted in this § 1983 action." *Craig v. S.C. Dep't of Corrs.*, Civ. A. No. 2:12-cv-1164-CMC-BHH, 2012 WL 3134341, at *4 (D.S.C. July 10, 2012) adopted at 2012 WL 3136498 (D.S.C. Aug. 1, 2012); *see also Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983.").

In light of the foregoing, the undersigned recommends dismissing the instant action for failure to state a claim pursuant to 28 U.S.C. § 1915, and dismissing the pending motions (Dkt. No. 17; Dkt. No. 23; Dkt. No. 34) as moot. *See* 28 U.S.C. §1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319 (1989) (pursuant to § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the instant action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B), and that the pending motions (Dkt. No. 17; Dkt. No. 23; Dkt. No. 34) be dismissed as moot.

IT IS SO RECOMMENDED.

*[signature]*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 1, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).